Matter of L.P.G. (L.B.) (2025 NY Slip Op 07226)

Matter of L.P.G. (L.B.)

2025 NY Slip Op 07226

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Kern, J.P. SEQ CHAPTER \h \r 1, Scarpulla, Pitt-Burke, O'Neill Levy, Michael, JJ. 

Docket No. NA-25727/22, NA-25728/22, NA-25729/22, NA-21013/23|Appeal No. 4966|Case No. 2024-02022|

[*1]In the Matter of L.P.G., and Others, Children Under Eighteen Years of Age, etc., L.B., Respondent-Appellant, Administration for Children's Services, Respondent-Respondent.

Jessica M. Brown, Hartsdale, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Ingrid R. Gustafson of counsel), for respondent.
Carol L. Kahn, New York, attorney for the child, G.P.G.
Steven N. Feinman, White Plains, attorney for the child, L.P.G.
Donna C. Chin, New York, attorney for the children, L.B. and V.B.G.

Order of fact-finding, Family Court, Bronx County (Hari K. Singh, J.), entered on or about November 22, 2023, which determined, after a hearing, that respondent neglected the subject children by excessively abusing alcohol, sexually abused the subject child L.P.G., derivatively neglected G.P.G., V.B.G., and L.B., and abused V.B.G., unanimously modified, on the law and facts, to the extent of vacating the finding of neglect on the basis that respondent excessively abused alcohol and the finding of abuse with respect to V.B.G., and otherwise affirmed, without costs. Appeals from order of disposition and amended order of visitation, same court and judge, entered on or about February 9, 2024, unanimously dismissed, without costs, as abandoned.
Family Court's determination that respondent sexually abused L.P.G. is supported by a preponderance of the evidence (see Family Court Act §§ 1012[e][iii]; 1046[b][i]). The court properly determined that the child's statements to her treating psychologist were independently admissible and did not require corroboration because they were relevant to her treatment and diagnosis (see Matter of I.M. [R.L.], 233 AD3d 544, 545 [1st Dept 2024]).
The evidence presented at the fact-finding hearing was sufficient to support a finding of forcible touching (see Penal Law § 130.52). ACS also established that respondent's forcible touching of the child was done for the purpose of gratifying his sexual desire, as sexual gratification can be inferred from the totality of the circumstances, and respondent failed to testify and offer any other explanation for his actions (see Matter of J.M. [Felipe A.], 233 AD3d 586, 587 [1st Dept 2024]). Contrary to respondent's contention, expert testimony from the child's treating psychologist was not required to establish a prima facie case of sexual abuse (see Matter of Genesis A. [Candido A.], 150 AD3d 616, 617 [1st Dept 2017]).
Respondent failed to rebut the prima facie case against him. Family Court declined to credit the majority of his testimony, describing it as self-serving, evasive, vague, and difficult to believe. We find no basis to disturb the court's credibility determinations (see Matter of Jaiyana S. [Perla S.], 222 AD3d 503, 504 [1st Dept 2023], lv denied 41 NY3d 907 [2024]).
The evidence adduced at the fact-finding hearing demonstrated, by a preponderance of the evidence, a fundamental defect in respondent's understanding of his duties as a parent and such an impaired level of judgment on his part as to create a substantial risk of harm for any child in his care, and thus, Family Court properly found that he derivatively neglected the other three children, including his biological children (see Matter of N.D. [G.D.], 165 AD3d 416, 416 [1st Dept 2018]). The record demonstrated that the family lived in a one-bedroom apartment and that the two older children slept in the living room. L.P.G. described an incident when respondent flashed a light on her naked body in the room she shared with G.P.G. while the family was asleep (see Matter of E.H. [M.H.], 209 AD3d 582, 583 [1st Dept 2022]). The fact that G.P.G. is of a different sex does not require a reversal (see Matter of M.S. [Andrew S.], 198 AD3d 547, 548 [1st Dept 2021]). Given the serious nature of respondent's conduct, and the fact that he was not engaged in any treatment at the time of the fact-finding hearing, derivative findings of neglect as to the two youngest children are appropriate, even though they were not yet born when the abuse of L.P.G. occurred (see Matter of Genesis A., 150 AD3d at 617).
However, ACS did not satisfy its burden of proving by a preponderance of the evidence that respondent neglected the children by abusing alcohol. There is no evidence that he "lost self-control during repeated bouts of excessive drinking, and such evidence is necessary to trigger the presumption of neglect under Family Court Act § 1046(a)(iii)" (Matter of Caleah C.M.S. [Calvin S.], 174 AD3d 457, 457 [1st Dept 2019]). Here, aside from respondent's statements acknowledging that he consumed alcohol on occasion, there were no statements by the mother or the children indicating that they observed him intoxicated or impaired, or that he cared for the children while under the influence. Notably, ACS never sought a neglect finding based on alcohol consumption during summation.
We vacate the finding of abuse with respect to V.B.G., which appears to be a scrivener's error.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025